Jason M. Ingber (SBN 318323)
**LEVI & KORSINSKY, LLP**
3580 Wilshire Boulevard, Suite 1260
Los Angeles, California 90010-2513
Telephone: (213) 805-8373
Email: jingber@zlk.com

[Additional Counsel on Signature Page]

*Attorney for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ANNA-MARIA PREISS, on behalf of herself and others similarly situated

Plaintiff,

v.

WEST CAPITAL LENDING, INC.,

Defendant.

**Case No.:**

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

## NATURE OF THE ACTION

1. Anna-Maria Preiss ("Plaintiff") brings this class action against West Capital Lending, Inc. ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), the Federal Communications Commission regulations promulgated thereunder, and the North Carolina Telephone Solicitations Act, N.C. Gen. Stat. § 75-100 et seq. ("NCTSA").

2. The TCPA's implementing regulations, 47 C.F.R. § 64.1200(c)(2), prohibit telephone solicitations to residential subscribers whose numbers are

registered on the National Do Not Call Registry, subject to applicable exemptions and permissions.

3. The TCPA's implementing regulations, 47 C.F.R. § 64.1200(d), prohibit initiating any call for telemarketing purposes to a residential telephone subscriber unless the caller has instituted procedures for maintaining a list of persons who request not to receive such calls, including a written policy, training of personnel, and recording and honoring do-not-call requests within a reasonable time.

4. The NCTSA prohibits telephone solicitors from making telephone solicitations to subscribers whose numbers are registered on the National Do Not Call Registry, or who have told the solicitor they do not wish to receive its solicitations. N.C. Gen. Stat. § 75-102(a)–(b).

5. Upon information and good faith belief, Defendant routinely violates 47 C.F.R. § 64.1200(c)(2), 47 C.F.R. § 64.1200(d), and the NCTSA by placing telemarketing calls and sending telemarketing text messages, or causing them to be placed or sent, to telephone numbers registered on the National Do Not Call Registry, and by continuing to do so after consumers ask it to stop.

6. Upon information and good faith belief, Defendant, as a matter of pattern and practice, places or sends telephone solicitations to numbers on the National Do Not Call Registry and fails to honor consumers' requests to stop receiving solicitations.

7. Plaintiff placed her cellular number on the National Do Not Call Registry on March 21, 2016. In April 2026, Defendant began calling and texting her to solicit a mortgage loan. On June 16, 2026, Plaintiff texted Defendant "Solicitation not accepted, remove my number." She sent Defendant the same text message at least four more times. Defendant called or texted her at least 61 times between June 23 and October 26, 2026.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5) and 28 U.S.C. § 1331.

9. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because Plaintiff and Class members, and Defendant are citizens of different states.

10. This Court has supplemental jurisdiction over the NCTSA claims under 28 U.S.C. § 1367(a) because they arise from the same calls and text messages as the TCPA claims and form part of the same case or controversy.

11. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in the State of California.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this district.

## PARTIES

13. Plaintiff is a natural person who at all times relevant resided in the State of North Carolina.

14. Defendant is a California corporation with its principal place of business located at 17911 Von Karman Avenue, Suite 400, Irvine, CA 92614.

15. Upon information and good faith belief, Defendant placed the calls and sent the text messages described below, or caused them to be placed or sent, directly or through vendors, marketers, or other persons acting on its behalf.

## FACTUAL ALLEGATIONS

16. Plaintiff is, and at all relevant times has been, the subscriber to, and sole and customary user of, the cellular telephone number (XXX) XXX-9996.

17. Plaintiff uses telephone number (XXX) XXX-9996 for personal and residential purposes and as her primary telephone number and substitute for a landline.

18. Plaintiff is a residential subscriber to telephone number (XXX) XXX-9996.

19. Plaintiff registered telephone number (XXX) XXX-9996 on the National Do Not Call Registry on March 21, 2016, and it has remained on the Registry continuously since then.

20. In or around April 2026, while researching financing options, Plaintiff submitted information through one or more websites.

21. Beginning on or about April 19, 2026, Defendant placed calls and sent text messages, or caused calls and texts to be sent, to Plaintiff from multiple telephone numbers including, but not limited to, (949) 418-5941, (949) 484-4113, and (949) 570-9692 (together with any other telephone numbers Defendant used to contact Plaintiff, the "West Capital Numbers").

22. Upon information and good faith belief, each of the West Capital Numbers is owned, leased, or controlled by Defendant or persons acting on its behalf.

23. Telephone number (949) 418-5941 is the direct number of William Roberson, a loan officer for Defendant.

24. Between April 19 and June 5, 2026, Defendant placed at least two calls and sent at least 20 text messages to Plaintiff from (949) 418-5941.

25. On April 19, 2026, Defendant sent Plaintiff a text message from (949) 418-5941 stating: "Hi Anna-Maria, this is William from West Capital…"

26. That afternoon, Defendant left Plaintiff a voicemail from (949) 418-5941 stating, "Hey this is William, senior loan officer with West Capital. I received your inquiry and would love to help you out however I can. No pressure at all. Just

when you get a chance feel free to shoot me a text or give me a call back. Thank you again for the opportunity. Talk soon. Bye."

27. On April 20, 2026, Defendant sent or caused to be sent a text message to Plaintiff stating that it had sent her a proposal "proposal based on the information you …."

28. The proposal, dated April 20, 2026, bears Defendant's name and Irvine address, identifies its author as "William Roberson | Loan Officer" with a "Direct/Fax" number of (949) 418-5941, and presents cash-out refinance, home equity line of credit, and home equity loan options.

29. Beginning on May 28, 2026, Defendant also called Plaintiff from (949) 484-4113, including, but not limited to, calls from that number on May 28, June 3, and June 10, 2026.

30. On June 16, 2026, Defendant placed or caused to be placed a call to Plaintiff from (949) 484-4113.

31. At approximately 5:02 p.m. on June 16, 2026, after missing Defendant's call, Plaintiff sent a text message to (949) 484-4113 stating: "Solicitation not accepted, remove my number."

32. Plaintiff's message was a clear and unambiguous request that Defendant stop contacting her. Plaintiff did not limit her request to any particular telephone number.

33. Defendant did not honor Plaintiff's request.

34. Plaintiff sent the same text message to (949) 484-4113 at least four more times, including on the following dates shortly after another call from that number: August 19, 2026, at approximately 1:35 p.m.; August 25, 2026, at approximately 12:24 p.m.; August 27, 2026, at approximately 7:51 p.m.; and September 8, 2026, at approximately 12:02 p.m.

35. After Plaintiff's first request, Defendant placed at least 44 calls to Plaintiff from (949) 484-4113 between June 23 and October 26, 2026, on the following dates: June 23; August 4, 19, 25, and 27; September 1, 3, 8, 10, 11, 17, 23, 24, 25, 29, and 30; and October 1 (twice), 2, 5 (twice), 6, 7 (twice), 8 (twice), 9, 10, 12 (twice), 13 (twice), 15, 16 (twice), 19 (twice), 20, 21 (twice), 22 (twice), 23, and 26, 2026.

36. After Plaintiff's first request, Defendant also sent at least four text messages to Plaintiff from (949) 484-4113 between June 29 and October 13, 2026.

37. Between August 7 and September 20, 2026, Defendant sent at least 13 text messages to Plaintiff from (949) 570-9692.

38. In all, after Plaintiff first asked Defendant to stop, Defendant called or texted her at least 61 times. At least 59 of those calls and text messages came more than 30 business days after her first request.

39. Upon information and good faith belief, Defendant placed each call and sent each text message for the purpose of encouraging Plaintiff to obtain a mortgage loan or other financial services from Defendant. Defendant is a mortgage lender, and each of its calls and text messages to Plaintiff was part of its effort to solicit her to obtain a loan.

40. Plaintiff is not, and never was, a customer or accountholder of Defendant, and had no loan or account with Defendant.

41. Plaintiff did not opt back in to receiving calls or text messages from Defendant after June 16, 2026.

42. Plaintiff did not give Defendant prior express invitation, permission, or consent to call or text her after June 16, 2026, and Defendant did not obtain it.

43. Plaintiff never signed a written agreement authorizing Defendant to call or text her.

44. Defendant placed each call and sent each text message, or caused them to be placed or sent, voluntarily and of its own free will.

45. Defendant knew it was calling and texting Plaintiff's number.

46. Defendant had the ability to honor Plaintiff's requests.

47. Upon information and good faith belief, Defendant's systems failed to record Plaintiff's requests or failed to apply them.

48. Upon information and good faith belief, Defendant did not maintain, or did not implement, a written policy and procedures for maintaining a do-not-call list, did not train its personnel and any persons acting on its behalf in those procedures, and failed to record and honor Plaintiff's requests.

49. Defendant's violations were knowing or willful. Plaintiff told Defendant in writing five times to remove her number, yet Defendant continued calling and texting her.

50. Plaintiff suffered actual harm from Defendant's calls and text messages, including an invasion of privacy, an intrusion into her life, and a private nuisance.

51. Plaintiff found the calls and text messages, particularly those after she asked Defendant to stop, harassing and invasive.

52. Upon information and good faith belief, Defendant, as a matter of pattern and practice, places or sends, or causes to be placed or sent, solicitation calls and text messages to persons whose telephone numbers are registered on the National Do Not Call Registry, and to persons who have asked Defendant to stop contacting them.

///

///

///

///

## CLASS ACTION ALLEGATIONS

53. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as the representative of the following classes (together, the "Classes," and each of their members, a "Class member"):

> *National Do Not Call Class*: All persons in the United States (1) to whom Defendant placed or sent, or caused to be placed or sent, more than one call or text message advertising or promoting its goods or services within any 12-month period, (2) directed to a cellular telephone number used for residential purposes that had been registered on the National Do Not Call Registry for at least 31 days before the first such call or message, (3) from four years prior to the filing of this complaint through the date of class certification.

> *Internal Do Not Call Class*: All persons in the United States (1) who asked Defendant, by text message or otherwise, to stop contacting them, (2) who did not thereafter opt back in to receiving calls or text messages from Defendant, (3) to whom Defendant thereafter placed or sent, or caused to be placed or sent, more than one call or text message advertising or promoting its goods or services within any 12-month period, each more than thirty (30) days after that request if the request was made before April 11, 2025, or more than ten (10) business days after the request if made on or after that date, (4) directed to a cellular telephone number used for residential purposes, (5) from four years prior to the filing of this complaint through the date of class certification.

> *North Carolina Class*: All persons residing in North Carolina (1) who asked Defendant, by text message or otherwise, to stop contacting them, (2) who did not thereafter opt back in to receiving calls or text messages from Defendant, (3) to whom Defendant thereafter placed or sent, or caused to be placed or sent, a call or text message advertising or promoting its goods or services more than thirty (30) business days after that request, (4) directed to a cellular telephone number used for residential purposes, (5) from four years prior to the filing of this complaint through the date of class certification.

54. Excluded from the Classes are Defendant, its officers, directors, and employees, and the immediate family members, legal representatives, heirs, successors, and assigns of any of them, any entity in which Defendant has or had a controlling interest, the judge assigned to this action and the judge's immediate family, and any person who timely elects to be excluded.

55. *Numerosity*. The members of each Class are so numerous that joinder is impracticable. The exact number is unknown to Plaintiff and can be determined only through discovery, but upon information and good faith belief, Defendant places calls and sends text messages to thousands of consumers using multiple telephone numbers.

56. *Ascertainability*. The Classes are defined by objective criteria. Class members can be identified from Defendant's records and those of persons acting on its behalf, including call and text-message logs, opt-out and suppression records, and consent records, together with the National Do Not Call Registry data.

57. *Typicality*. Plaintiff's claims are typical of the claims of the Classes. Like every Class member, after asking Defendant to stop, Plaintiff received more than one solicitation from Defendant. Like every member of the National Do Not Call Class, Plaintiff received more than one solicitation from Defendant on a cellular telephone number registered on the National Do Not Call Registry. Plaintiff's claims arise from the same conduct, practice, and procedure as the claims of the Classes and rest on the same legal theories.

58. *Adequacy*. Plaintiff will fairly and adequately protect the interests of the Classes. Her interests are not antagonistic to theirs, she will vigorously pursue their claims, and she has retained counsel experienced in class action and consumer protection litigation, including under the TCPA, who will vigorously pursue this matter.

59. *Commonality and predominance.* Questions of law and fact common to the Classes predominate over any individual questions, including:

a. whether Defendant placed or sent, or caused to be placed or sent, calls and text messages to Plaintiff and Class members;

b. whether those calls and text messages were telephone solicitations;

c. whether text messages are "telephone calls" under 47 U.S.C. § 227(c)(5);

d. whether the numbers called or messaged were on the National Do Not Call Registry;

e. whether Defendant had prior express invitation or permission or an established business relationship with recipients;

f. whether Defendant maintained and implemented the written policy and procedures required by 47 C.F.R. § 64.1200(d);

g. whether Defendant honored requests to stop;

h. Defendant's conduct, pattern, and practice with respect to sending solicitations to registered numbers and failing to honor requests to stop;

i. whether Defendant violated the NCTSA;

j. whether Defendant's violations were knowing or willful; and

k. the availability of statutory damages and injunctive relief.

60. *Superiority.* A class action is superior to other available methods of adjudication because:

a. individual Class members' damages are likely small relative to the cost of individual litigation;

b. the claims require proof of the same material facts and legal theories;

c. individual actions risk inconsistent or varying adjudications and incompatible standards of conduct for Defendant;

d. individual adjudications could, as a practical matter, impair other members' ability to protect their interests; and

e. concentrating the claims in one forum promotes efficiency, and Plaintiff foresees no unusual difficulty in managing this action as a class action.

61. Defendant acted or refused to act on grounds generally applicable to the Classes, making final injunctive and declaratory relief appropriate under Rule 23(b)(2).

**COUNT I**

**Defendant Violated 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2)**

62. Plaintiff repeats and re-alleges each and every factual allegation contained in Paragraphs 1 through 61 as if fully set forth herein.

63. Defendant violated 47 C.F.R. § 64.1200(c)(2) by placing or sending, or causing to be placed or sent, more than one telephone solicitation within a 12-month period to Plaintiff's cellular telephone number, and to the cellular telephone numbers of the members of the National Do Not Call Class, while those numbers were registered on the National Do Not Call Registry.

64. As a result of Defendant's violations of 47 C.F.R. § 64.1200(c)(2), Plaintiff and the members of the National Do Not Call Class are entitled to damages under 47 U.S.C. § 227(c)(5) in an amount to be proven at trial.

**COUNT II**

**Defendant Violated 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)**

65. Plaintiff repeats and re-alleges each and every factual allegation contained in Paragraphs 1 through 61 as if fully set forth herein.

66. Defendant violated 47 C.F.R. § 64.1200(d) by placing or sending, or causing to be placed or sent, more than one telephone solicitation within a 12-month period to Plaintiff's cellular telephone number, and to the cellular telephone numbers of the members of the Internal Do Not Call Class, after they asked Defendant to stop and after the time permitted to honor those requests had passed.

67. Upon information and good faith belief, based on the foregoing, Defendant also failed to (a) maintain a written policy and procedures for maintaining a do-not-call list, and (b) train its personnel and those acting on its

behalf in those procedures.

68. As a result of Defendant's violations of 47 C.F.R. § 64.1200(d), Plaintiff and the members of the Internal Do Not Call Class are entitled to damages under 47 U.S.C. § 227(c)(5) in an amount to be proven at trial.

## COUNT III

### Defendant Violated N.C. Gen. Stat. § 75-102

69. Plaintiff repeats and re-alleges each and every factual allegation contained in Paragraphs 1 through 61 as if fully set forth herein.

70. Defendant is a "telephone solicitor," and Plaintiff and the members of the North Carolina Class are "telephone subscribers," as those terms are defined by N.C. Gen. Stat. § 75-101.

71. Defendant violated N.C. Gen. Stat. § 75-102(b) and (c)(3) by making telephone solicitations to Plaintiff and the members of the North Carolina Class more than 30 business days after they asked Defendant to stop.

72. Defendant violated N.C. Gen. Stat. § 75-102(a) by making telephone solicitations to Plaintiff, and to the members of the North Carolina Class whose telephone numbers were registered on the National Do Not Call Registry, while those numbers were registered.

73. As a result of Defendant's violations of N.C. Gen. Stat. § 75-102, Plaintiff and the members of the North Carolina Class are entitled to damages under N.C. Gen. Stat. § 75-105(b) in an amount to be proven at trial, and to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the following:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as the class representative under Rule 23 of the

Federal Rules of Civil Procedure;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 C.F.R. §§ 64.1200(c)(2) and 64.1200(d) and 47 U.S.C. § 227(c)(5);

e) Adjudging and declaring that Defendant violated N.C. Gen. Stat. § 75-102;

f) Enjoining Defendant from placing or sending telemarketing or solicitation calls or text messages (a) to Plaintiff and members of the National Do Not Call Class whose telephone numbers are registered on the National Do Not Call Registry, and (b) to Plaintiff and members of the Classes after receiving their requests to cease such communications;

g) Awarding Plaintiff and the members of the National Do Not Call Class and the Internal Do Not Call Class statutory damages of up to $500 for each violation under 47 U.S.C. § 227(c)(5)(B), or their actual monetary loss if greater, and increasing that amount up to three times for each knowing or willful violation as that section permits;

h) Awarding Plaintiff and the members of the North Carolina Class statutory damages under N.C. Gen. Stat. § 75-105(b)(2) of $500 for the first violation, $1,000 for the second violation, and $5,000 for the third and any other violation within two years of the first;

i) Awarding Plaintiff and the Classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure and, as to the North Carolina Class, N.C. Gen. Stat. § 75-105(d);

j) Awarding Plaintiff and members of the Classes any pre-judgment and post-judgment interest as may be allowed under the law; and

k) Any other relief to which Plaintiff is entitled and/or that this Honorable Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

Dated: November 23, 2026

*/s/ Jason M. Ingber*

Jason M. Ingber (SBN 318323)
3580 Wilshire Boulevard, Suite 1260
Los Angeles, California 90010-2513
Telephone: (213) 805-8373
Email: jingber@zlk.com

Adam T. Hill*
**LEVI & KORSINSKY, LLP**
500 Fifth Avenue, 42nd Floor
New York, NY 10110
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: ahill@zlk.com

*Counsel for Plaintiff and the proposed class*

**pro hac vice* forthcoming